MEMORANDUM *
Plaintiffs filed a class action lawsuit based on securities fraud against several individual defendants (collectively “Defendants”) that held various positions in Red-back Networks, Inc. (“Redback”). Plaintiffs appeal the district court’s dismissal of Plaintiffs’ complaint for failure to state a claim upon which relief can be granted. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. This Court reviews dismissals for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo. Thompson v. Paul, 547 F.3d 1055, 1058 (9th Cir.2008).
Even assuming Plaintiffs adequately pleaded falsity for their fraudulent statement claim, Plaintiffs have not adequately pleaded loss causation. See Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (holding loss causation not adequately pleaded when the complaint did not claim that the “share price fell significantly after the truth became known”). Plaintiffs’ allegations that the loss was caused by investors learning the alleged truth (that Red-back generated its business with Qwest through improper means) are conclusory and involve unreasonable inferences. See Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1065 (9th Cir.2008) (allegation of market’s understanding as to what disclosure revealed was not a fact, but an inference plaintiff believed was warranted from the facts alleged); Hartman v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.), 536 F.3d 1049, 1055 (9th Cir.2008) (the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences).
The district court did not err in dismissing Plaintiffs’ fraudulent scheme claim because there is no meaningful distinction between Plaintiffs’ fraudulent statement claim and fraudulent scheme claim. In any case, the fraudulent scheme claim cannot survive dismissal because Plaintiffs have failed to adequately plead loss causation.
Plaintiffs’ claim under § 18 of the Securities Exchange Act of 1934, 15 U.S.C. § 78r(a), was properly dismissed because they did not adequately plead loss causation. See 15 U.S.C. § 78u-4(b)(4) (in private actions under this title, plaintiff must prove loss causation — “that the act or omission of the defendant alleged to violate this title caused the loss for which the plaintiff seeks to recover damages”); Thompson, 547 F.3d at 1058-59 (court may affirm a 12(b)(6) dismissal on any ground supported by the record).
The district court correctly dismissed Plaintiffs’ § 20A claim (insider trading) and § 20(a) claim (control person liability) because Plaintiffs failed to allege an independent securities fraud violation. See 15 U.S.C. § 78t — 1 (insider trading); 15 U.S.C. § 78t(a) (control person liability); see also Halkin v. VeriFone Inc. (In re VeriFone Sec. Litig.), 11 F.3d 865, 872 (9th Cir.1993) (insider trading claim requires an actionable independent securities fraud violation); Paracor Fin., Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1161 (9th Cir.1996) (control person liability claim requires a showing that a primary violation was committed).
*718 The district court did not abuse its discretion when it dismissed Plaintiffs’ complaint with prejudice because it had given Plaintiffs sufficient opportunity to amend their complaint to correct the deficiencies. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir.2009).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.